UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JOHN ROBERT GRAHAM,<br><br>               Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondent. | 4:20-CV-04091-KES<br><br><br>ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION AND DENYING MOTION TO DISMISS |

Petitioner, John Robert Graham, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 alleging that his conviction and sentence violate his due process rights.[1] Docket 1. Specifically, Graham alleges that his conviction under 18 U.S.C. § 924(c) is unconstitutional because his underlying conviction under 18 U.S.C. § 2118(b) and (c)(1) for burglary involving controlled substances is not a "crime of violence" in light of *United States v. Davis*, 139 S. Ct. 2319 (2019). *Id.* ¶ 7. The United States moves to dismiss the petition without holding an evidentiary hearing. Docket 10; *see also* Docket 11 at 11. The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014, standing order. The Magistrate Judge recommends that Graham's motion be dismissed without holding an evidentiary hearing. Docket 20. Graham timely

---

[1] Graham's underlying criminal case is *United States v. Graham*, 4:12-CR-40016-01-KES (D.S.D.).

filed objections to the report and recommendation. Docket 24. For the following reasons, the court adopts in part and rejects in part the Magistrate Judge's report and recommendation, denies the United States' motion to dismiss, and grants Graham's petition to vacate his conviction and sentence under 18 U.S.C. § 924(c).

## FACTUAL BACKGROUND

A full factual background was provided by the Magistrate Judge in her report and recommendation. Docket 20 at 2-4. No objections were filed to the facts, so the court adopts the facts in full. But Graham does object to the Magistrate Judge's legal recommendations in the Report and Recommendation. Docket 24.

## DISCUSSION

### I. Legal Standards

#### A. Standard of Review

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations as to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

### B. Review of a § 2255 Motion

The Magistrate Judge correctly stated the standard of review for a petition under 28 U.S.C. § 2255, and neither party objects to that standard. Docket 20 at 4-6; *see also* Docket 24. Thus, Graham's claim is not procedurally defaulted because it was made within one year from the date that the Supreme Court announced the rule in *Davis*, which is retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2255(f)(3); *Welch v. United States*, 578 U.S. 120, 128-29 (2016) (noting that a Supreme Court decision that announces a new rule of constitutional law applies retroactively if the rule is substantive— i.e., if it "alter[s] the range of conduct or the class of persons . . . [punished]." (internal quotation omitted)).

### C. Standard under Fed. R. Civ. P. 12(b)(6)

The United States moves to dismiss Graham's motion for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[2] Docket 10. The Magistrate Judge correctly noted that Rule 12(b)(6) is applicable to § 2255 habeas actions because it does not conflict with the habeas statutes or the Rules Governing Section 2255 Cases in the United States District Courts. Docket 20 at 6. Rule 12(b)(6) provides for dismissal of a claim if the claimant has failed to state a claim upon which relief can be granted. Fed. R. Civ. P.

---

[2] In its initial motion to dismiss, the United States also moved to dismiss under Fed. R. Civ. P. 12(h)(3), asserting that this court lacks jurisdiction over Graham's § 2255 petition. Docket 10. In its reply brief, the United States moved to withdraw its motion under Rule 12(h)(3) because it was included in its initial motion inadvertently. Docket 19 at 11-12. Thus, the court only addresses the United States' 12(b)(6) motion.

3

12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). The "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (internal quotation marks and citation omitted). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008).

Here, there are no factual disputes between the parties. Instead, the court must determine whether, as a matter of law, 18 U.S.C. § 2118(b) and (c)(1) is a "crime of violence" within the meaning of 18 U.S.C. § 924(c).

## II. Legal Analysis

Graham objects to the Magistrate Judge's finding that his conviction for burglary involving controlled substances under 18 U.S.C. § 2118(b) and (c)(1) qualifies as a predicate "crime of violence" under 18 U.S.C. § 924(c), thereby triggering a consecutive 10-year sentence provided by 18 U.S.C. § 924(c)(1)(A)(iii). Docket 24 at 2. Specifically, Graham argues that 18 U.S.C.

§ 2118(c)(1) is not a "crime of violence" within the meaning of 18 U.S.C. § 924(c) because § 2118(c)(1) is broader than the definition of § 924(c).[3] *Id.* at 6.

The court begins with the first of two statutes in question. 18 U.S.C. § 924(c)(1)(A) provides, in pertinent part, that:

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

A "crime of violence" under § 924(c) has two definitions. The first, known as the elements or force clause, defines a "crime of violence" as one that is a felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" 18 U.S.C. § 924(c)(3)(A). The second definition of "crime of violence," known as the residual clause, is a felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). In 2019, the Supreme Court struck down the residual clause definition of "crime of violence" as unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. Thus, for an underlying

---

[3] Both the Magistrate Judge and Graham did not address whether the base offense of burglary involving controlled substances under 18 U.S.C. § 2118(b) is a "crime of violence" within the meaning of 18 U.S.C. § 924(c). Docket 20 at 14; Docket 24 at 4-5. Instead, they addressed whether 18 U.S.C. § 2118(c)(1)— the aggravating factor for burglary involving controlled substances—is a "crime of violence" under 18 U.S.C. § 924(c). Thus, the court addresses only whether 18 U.S.C. § 2118(c)(1) is a crime of violence.

5

offense to qualify as a "crime of violence" within the meaning of 18 U.S.C. § 924(c), it must do so under the elements clause.

The court next turns to the second statute at issue. Burglary involving controlled substances under 18 U.S.C. § 2118(b) provides that:

> Whoever, without authority, enters or attempts to enter, or remains in, the business premises or property of a person registered with the Drug Enforcement Administration . . . with the intent to steal any material or compound containing any quantity of controlled substance shall . . . be fined under this title or imprisoned not more than twenty years, or both[.]

Graham was also convicted of the aggravating subsection under that statute, which provides, "[w]hoever in committing any offense under subsection (a) or (b) assaults any person, or puts in jeopardy the life of any person, by the use of a dangerous weapon or device shall be fined under this title and imprisoned for not more than twenty-five years." 18 U.S.C. § 2118(c)(1). This aggravating subsection under § 2118(c)(1) provided the predicate offense for Graham's "crime of violence" conviction under § 924(c).

The court must then determine whether 18 U.S.C. § 2118(c)(1) is a "crime of violence" within the meaning of 18 U.S.C. § 924(c)'s elements clause. "To decide whether an offense satisfies the elements clause, courts use the categorical approach." *Borden v. United States*, 141 S. Ct. 1817, 1822 (2021) (citing *Stokeling v. United States*, 139 S. Ct. 544, 555 (2019)). Under the categorical approach, the facts of Graham's case are irrelevant; rather, the court focuses on "whether the elements of the statute of conviction meet the federal standard." *Id.* Here, that requires the court to query whether 18 U.S.C.

6

§ 2118(c)(1) necessarily requires the "use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A); *Borden*, 141 S. Ct. at 1822. Under the categorical approach, "[i]f any—even the least culpable—of the acts criminalized [under § 2118(c)(1)] do not entail that kind of force, the statute of conviction does not categorically match the federal standard, and so cannot serve as a[] [§ 924(c)] predicate." *Borden*, 141 S. Ct. at 1822 (citing *Johnson v. United States*, 559 U.S. 133, 137 (2010)).

The United States Supreme Court decided *Borden v. United States*, 141 S. Ct. 1817 (2021) after the parties briefed the issue, the Magistrate Judge issued her Report and Recommendation, and Graham filed his objections to the Report and Recommendation. In *Borden*, the Court held that an offense with a *mens rea* of recklessness cannot qualify as a "violent felony" under 18 U.S.C. § 924(e)—the Armed Career Criminal Act. *Borden*, 141 S. Ct. at 1821, 1825, 1834. An offense qualifies as a "violent felony" under the Armed Career Criminal Act if it "has as an element the use, attempted use, or threatened use of force against the person of another." *Id.* at 1822; 18 U.S.C. § 924(e)(2)(B)(i). The Court reasoned that a crime with a *mens rea* of recklessness cannot qualify as a "violent felony" because the statute's use of the phrase "against the person of another" when qualifying the phrase "use of force" "demands that the perpetrator direct his action at, or target, another individual. Reckless conduct is not aimed in that prescribed manner." *Borden*, 141 S. Ct. at 1825. Rather, the phrase "against the person of another" covers both purposeful and

7

knowing acts, but not reckless conduct. *Id.* at 1826. The Court found support for this reasoning in its holding in *Leocal v. Ashcroft*, 543 U.S. 1 (2004), which held that negligent conduct fell outside the elements clause of 18 U.S.C. § 16(a)—a statute with the same definition of "crime of violence" as 18 U.S.C. § 924(c)(3)(A).

This court must now determine whether 18 U.S.C. § 2118(c)(1) is a "crime of violence" under 18 U.S.C. § 924(c)'s elements clause. Again, in order to be a "crime of violence" under 18 U.S.C. § 924(c)(3)(A), a felony offense must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." This is essentially the same definition used for "violent felony" under the Armed Career Criminal Act that the Court in *Borden* held could not extend to crimes with a *mens rea* of recklessness.[4] Graham's predicate offense—18 U.S.C. § 2118(c)(1)—provides that "[w]hoever in committing [burglary involving controlled substances] assaults any person, or puts in jeopardy the life of any person, by the use of a dangerous weapon or devices shall be fined . . . and imprisoned for not more than twenty-five years." Thus, the question turns on whether that statute has as an element "the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

---

[4] The only difference between the two statutes is the addition of "or property" in 18 U.S.C. § 924(c)(3)(A). 18 U.S.C. § 924(c)(3)(A)'s definition of "crime of violence" is the same as 18 U.S.C. § 16(a), which was the statute at issue in *Leocal*. The Court in *Borden* relied on *Leocal* in reaching its decision.

8

Here, the focus is on whether the phrase "or puts in jeopardy the life of any person, by the use of a dangerous weapon" necessarily requires "the use, attempted use, or threatened use of physical force against the person or property of another." Under the categorical approach, if "any—even the least culpable—of the acts criminalized [under § 2118(c)(1)] do not entail that kind of force, the statute of conviction does not categorically match the federal standard, and so cannot serve as a[] [§924(c)] predicate." *Borden*, 141 S. Ct. at 1822 (citing *Johnson v. United States*, 559 U.S. 133, 137 (2010)).

This court concludes that 18 U.S.C. § 2118(c)(1) is broader than 18 U.S.C. § 924(c) under the holding and reasoning in *Borden*, and thus, is not a "crime of violence" within the meaning of § 924(c). This is so because, under a plain reading of 18 U.S.C. § 2118(c)(1), the crime of burglary involving controlled substances can be committed with a *mens rea* of recklessness. For example, a defendant could be convicted under 18 U.S.C. § 2118(c)(1) if he flees from the scene of a burglary of controlled substances and drives recklessly, thereby putting the lives of others in jeopardy with a dangerous weapon. *See United States v. Mills*, 1 F.3d 414, 419-21 (6th Cir. 1993) (noting that a jury could find that reckless driving "put in jeopardy the life" of another in violation of 18 U.S.C. § 2118(c)(1)). The Magistrate Judge rejected this same argument in her Report and Recommendation, relying on the Eighth Circuit's decision in *United States v. Ross*, 969 F.3d 829 (8th Cir. 2020). The Magistrate Judge cited *Ross* for the proposition that, while unadorned reckless driving is not sufficient for a conviction under 18 U.S.C. § 924(c)(1), recklessness as a

9

*mens rea* in general is sufficient for a conviction under 18 U.S.C. § 924(c)(1). Docket 20 at 21. But after the Magistrate Judge issued her Report and Recommendation, *Ross* was vacated in light of *Borden*, and is no longer dispositive. *See King v. United States*, 142 S. Ct. 332 (2021). 18 U.S.C. § 2118(c)(1) is broader than the elements clause of 18 U.S.C. § 924(c)(3)(A) because it can be committed with a *mens rea* of recklessness. Thus, Graham's objection to the Report and Recommendation is sustained.[5]

It is ORDERED that:

1. Graham's objection to the report and recommendation (Docket 24) is sustained.
2. The report and recommendation (Docket 20) is adopted in part and rejected in part.
3. Respondent's motion to dismiss (Docket 10) is denied.
4. Graham's 28 U.S.C. § 2255 petition for writ of habeas corpus is granted and his conviction and sentence under 18 U.S.C. § 924(c) are vacated. The court orders that Graham will be resentenced.

Dated March 2, 2022.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

---

[5] Because the court agrees with Graham that 18 U.S.C. § 2118(c)(1) is broader than 18 U.S.C. § 924(c) in that § 2118(c)(1) can be committed with a *mens rea* of recklessness, the court does not address Graham's second argument that § 2118(c)(1) is overbroad because it covers putting in jeopardy the life of "any person," rather than the person of another as required by 18 U.S.C. § 924(c).